In the Matter of THOMAS F. GALVIN, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, June 22, 1943.

*Einar Chrystie* for petitioner.

*Thomas F. Galvin,* respondent in person.

*Per Curiam.* An official referee has reported that charges of professional misconduct by the respondent have been fully sustained by the petitioner.

The charges of misconduct grow out of the activities of the respondent in a lawsuit he instituted on behalf of his son against one George Church. The respondent succeeded in obtaining a judgment by default in the sum of $238.50. He thereafter moved to examine the employers of the judgment debtor in supplementary proceedings. A law firm, representing the employers of the judgment debtor, appeared therein through an associate named Leonard Kaufman. While the proceedings were pending, $150 of Church's salary was withheld by his employers. Church thereafter executed two affidavits alleging he was the sole support of his parents. As a result of the statements contained in these affidavits and the further negotiations conducted by Church's personal attorney, the respondent agreed to accept $50 out of the $150 which had been withheld from the judgment debtor. The balance of $100 was given to Mr. Church. No fee was ever paid by Church to Mr. Kaufman or the law firm with which he was associated.

Sometime thereafter Church filed a voluntary petition in bankruptcy. In connection therewith the respondent claims that Church swore that Kaufman prepared and induced him to sign the two affidavits above referred to without Church knowing the contents thereof. He further claims that the affidavits contained false statements in that Church did not support his parents.

The respondent then wrote two letters to the law firm with which Kaufman was associated stating that he would institute criminal proceedings against Kaufman if the $100 he claimed was not paid before a specified time. Upon receipt of the second letter, Kaufman referred the matter to the petitioner. The respondent was requested to call at the office of the attorney for petitioner's Grievance Committee. He was there interviewed by a Mr. Reynolds, an assistant attorney to the said Grievance Committee. The respondent did not give any explanation of

the letters or the facts which caused him to send the letters. Mr. Reynolds then requested the respondent to write a letter setting forth the facts. Instead of doing so, the respondent served upon Mr. Reynolds a summons and complaint in a slander action in which he demanded $2,000 damages. The respondent also wrote a letter to the Governor of the State of New York demanding the removal of the president of the petitioner, the chairman of its Grievance Committee and Mr. Reynolds because they refused to entertain a charge or complaint against Mr. Kaufman. Some months later, the respondent wrote a letter to the chairman of the petitioner's Grievance Committee in which he said that if the committee found him guilty of violating section 551 of the Penal Law, he would insist on charges being made to this court and when those charges were dismissed, he would sue the petitioner for $25,000.

The record discloses that the respondent not only failed to testify personally but offered no evidence in his behalf. The official referee properly found the respondent guilty of professional misconduct.

The respondent, because of highly improper conduct, is hereby suspended for three months with leave to apply for reinstatement at the expiration of that term upon proof of his compliance with the conditions incorporated in the order.

MARTIN, P. J., TOWNLEY and UNTERMYER, JJ., concur; GLENNON, J., taking no part; DORE, J., dissents in part and votes to censure.

Respondent suspended for three months.